### (June 8, 1981)

AETNA CASUALTY AND SURETY COMPANY, Appellant-Respondent, v WILLIAM J. HAMBLY et al., Respondents-Appellants, et al., Defendant. (Action No. 1.) AETNA CASUALTY AND SURETY COMPANY, Appellant-Respondent, v WILLIAM J. HAMBLY et al., Respondents-Appellants, et al., Defendant. (Action No. 2.) — In consolidated actions, *inter alia,* to set aside a conveyance of real property, the appeals and cross appeals are (1) from an interlocutory judgment of the Supreme Court, Orange County (Shea, J., at the trial and on the decision; Gagliardi, J., on the judgment [CPLR 9002]), entered June 29, 1979, which, *inter alia,* (a) awarded plaintiff compensatory damages of $214,048.03, (b) "dismissed the plaintiff's causes of action sounding in fraud presumed in law pursuant to Debtor and Creditor Law Section 273" and (c) failed to award plaintiff punitive damages; (2) from an order of the same court (Gagliardi, J.), entered July 30, 1979, which, *inter alia,* (a) denied the motion of defendants

Gurda and G & F Shopping Center, Inc., to vacate an undertaking and (b) denied the cross motion of plaintiff for discretionary costs pursuant to CPLR 8303 (subd [a]); and (3) as limited by the brief of defendant Hambly, from so much of a further order of the same court (Gagliardi, J.), dated September 17, 1979, as, upon reargument, adhered to the original determination (a) granting plaintiff leave to have a judgment signed pursuant to CPLR 9002 and (b) denying the motion of defendant Hambly to set aside the decision of the trial court. Interlocutory judgment and orders affirmed, without costs or disbursements. The evidence supports the finding of Trial Term that the conveyance by Hambly to the Gurdas was with the actual intent to hinder or delay the plaintiff, who was then a "present or future creditor" (Debtor and Creditor Law, § 276). The court's denial of punitive damages or discretionary costs pursuant to CPLR 8303 (subd [a]) did not constitute an abuse of discretion. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.